■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLARD F. CUSTIS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Nassau County, rendered September 20, 1968 (and amd. on October 18, 1968) on his plea of guilty, convicting him of possession of a dangerous weapon as a misdemeanor and imposing sentence. The appeal brings up for review an order of the County Court, Nassau County, entered May 16, 1968, which denied his motion to suppress certain evidence. Order of May 16, 1968 reversed, on the law; case remanded to the Supreme Court, Nassau County, for a hearing on the motion to suppress evidence and for further proceedings in accordance herewith; and appeal from the judgment held in abeyance in the interim. No questions of fact have been considered. The pistol which constituted the basis of the conviction herein was found on the person of defendant during a search which took place on the grounds of Roosevelt Raceway and which was conducted by a special policeman employed by the Raceway. Defendant's motion to suppress was denied without a hearing on the ground that the seizure was made by a private individual, so that the constitutional safeguards were inapplicable (see *People* v. *Horman,* 22 N Y 2d 378). By statute, special policemen are endowed, "when appointed" by a harness racetrack, with the status of police officers (L. 1962, ch. 223). The statute provides that any such appointment "shall only be made with the approval of the state harness racing commission." The finding by the County Court that the search was conducted by a private individual was based on information communicated by the District Attorney that such approval had never been obtained for the appointment of this particular employee. No proof was offered as to this point. The proceeding must be remanded for a full hearing, including the issue of whether the subject special policeman's appointment was approved by the Harness Racing Commission. Beldock, P. J., Christ, Hopkins, Munder and Kleinfeld, JJ., concur.